# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CHRISTOPHER MICHAEL,

        Plaintiff,

        v.

OFFICER LEWIS,

        Defendant.

Case No. 4:23-cv-00009-JMK

## ORDER RE DEFICIENT FILING

On March 12, 2023, self-represented litigant Christopher Michael ("Plaintiff") filed a "Writ of Habeas Corpus" and Request for Injunction.[1] Plaintiff alleges Defendant Office Lewis impersonated an officer, unlawfully arrested him, and "failed to self identif[y.]" Plaintiff seeks an immediate injunction against the Transportation Security Administration ("TSA") Fairbanks Airport and "any other TSA Agents" he "may come into contact" with claiming violations of the Foreign Sovereign Immunities Act, 42 U.S.C. §§ 241-242, 18 U.S.C. §§ 1341-42, 2333, TSA's "corporate UCC policy," and Alaska Statute 22.1.050.[2]

Although Mr. Michael titled his filing a "Writ of Habeas Corpus," he cites multiple federal and state laws that are not properly brought under habeas corpus but must be brought as a civil action. In order to properly commence a civil action,

---

[1] Docket 1.

[2] Docket 1.

a litigant must file a complaint and a civil cover sheet. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."[3]  If Mr. Michael seeks to pursue a cause of action against the Defendants, he must file a complaint that conforms to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska.  To assist self-represented prisoners in filing a complaint that is in compliance with applicable court rules, the District of Alaska has prepared a form complaint for this purpose; a copy of this form is included with this order.  Additionally, the commencement of a civil action requires either payment of the $402 filing fee[4] or file an application to waive prepayment of the filing fee.[5]

Similarly, writs of habeas corpus have strict procedural requirements and may only be brought by state and federal prisoners who are "in custody" at the time of filing.[6]  A federal prisoner who wishes to collaterally attack the legality of his conviction or sentence may file a motion pursuant to 28 U.S.C. § 2255.  Although there is no filing fee required for this motion, only the sentencing court has jurisdiction to consider a § 2255 motion.[7]

---

[3] Rule 8(a), Federal Rules of Civil Procedure.

[4] The schedule of fees is posted on the Court's website and at the clerk's office.

[5] Local Civil Rule 3.1.

[6] *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978–79 (9th Cir. 2010).

[7] *See Braden*, 410 U.S. at 497; *Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 865; *see also*

Mr. Michael has not filed a proper § 2255 motion or civil complaint. Additionally, he has not paid the filing fee or application to waive prepayment of the fee required to commence a civil action, so his filing is deficient. Finally, Plaintiff did not provide his mailing address in his filing[8], and verbally informed court personnel that mail should be directed to the general delivery address for Fairbanks. The Court does not communicate with self-represented litigants via email[9] and requires all parties to keep the Court advised of the party's current address and telephone number. Plaintiff is cautioned that if a court order or other mailing is returned by the Postal Service as undeliverable, the Court may dismiss the case without further notice.[10]

**IT IS THEREFORE ORDERED:**

1. Plaintiff must file a complaint or motion in conformance with the applicable rules of court within **30 days of the date of this order.**

2. Should Plaintiff choose to pursue a civil action, he must also file a completed a Civil Cover Sheet (Form JS44) <u>and</u> must either pay the filing fee or file a completed application to waive prepayment of the filing fee within **30 days of the date of this order.**

3. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court

---

*Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (order) (as amended).

[8] Plaintiff only included his email address and phone number. *See* Docket 1 at 4.

[9] *See* Local Civil Rule 79.2(c) ("Self-represented litigants must file all documents conventionally, unless otherwise permitted by the court's order.").

[10] *See* Local Civil Rule 11.1(b)(2)-(3).

orders.[11] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

4. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[12] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice.[13]

5. The Clerk of Court shall include a Civil Case Complaint Form, a Non-Prisoner Application to Waive Prepayment of the Filing Fee (Form PS 11) and a Civil Cover Sheet (Form JS 44) with this order.

DATED this 26th day of May, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[11] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[12] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[13] *See* Local Rule 3.1.